# ALGERNON S. OSGOOD
## v.
# W. H. PACEY & SON.

*Mechanic's Lien—Agency—Evidence.*

1. The statute does not give a mechanic's lien in favor of one furnishing labor and materials under a contract with a tenant for life.
2. The existence of an agency can not be established by the admissions of the supposed agent.
3. The evidence in the case presented does not show a ratification by the owner of the supposed agent's acts.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Will County; the Hon. DORRENCE DIBELL, Judge, presiding.

Mr. J. R. ANDERSON, for appellant.

Mr. R. E. BARBER, for appellee.

BAKER, P. J.   W. H. Pacey & Son obtained a decree in the Will Circuit Court against Algernon S. Osgood, appellant, for a mechanic's lien and for the sale of a house and lot in Joliet, owned by the latter.

The evidence does not support the findings of the court and the decree. The statute gives a lien for labor or materials only in case where such labor or materials, or both, is or are furnished under a contract with the owner of the land. The proofs show that appellant, the owner of the house and lot, was a resident of Chicago, and when he bought the premises agreed to pay the taxes thereon and give the rents and income to his mother, Mrs. Uri Osgood, who lived at Joliet, for her support so long as she lived. The contract for painting and papering the inside of the dwelling house was made with Mrs. Osgood, and the agreement was that the

Osgood v. Pacey & Son.

work and materials should be paid for out of the rents. Appellant did not order the work done or know the repairs were being made, and his mother was not his agent. It is true that she controlled the renting of the premises and collected and received the rents, but she did this, not as agent for the owner, but as donee of the rent and income. The only testimony tending to prove either the agency of Mrs. Osgood or notice to appellant of the proposed repairs consists of statements made by Mrs. Osgood herself, and proof of these was objected to at the hearing. It is elementary that the existence of an agency can not be established by the admissions of the supposed agent; and the testimony mentioned was hearsay and inadmissible except so far as it may be regarded as merely impeaching evidence.

There was no subsequent ratification of the contract. It was claimed that a Mrs. Douglas, a former tenant, still owed $100 for rent; and appellant agreed that if this could be collected it should be paid to appellees. The beneficiary interest in the $100 rent was in Mrs. Osgood. Appellant states that if his mother chose to pay for work on the house out of the rent, that was her own matter; and the mother testifies that soon after Douglas moved out appellant said he would not spend any money on the house, and that if she wanted it repaired she must do it out of the rent. Under the circumstances, we think the matter of the $100 Douglas rent can not be regarded as tending to prove a ratification of the act of the supposed agent. The labor and materials were not furnished under a contract with the owner of the lot, and his property should not be sold to pay for them. The decree is reversed and the cause remanded with directions to dismiss the petition.

*Reversed and remanded.*